**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SUKHWINDER SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2373-G** |
| | ) | |
| **FRED FIGUEROA, WARDEN, DIAMONDBACK CORRECTIONAL FACILITY et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER

Petitioner, a noncitizen proceeding with counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (ECF No. 1). United States District Judge Charles Goodwin referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (ECF No. 6). The undersigned has examined the Petition and now orders as follows:

1. Respondents shall file an answer, motion or other response within fourteen (14) days[2] from this order's date, consistent with Rule 5(b), (d) of the Rules Governing Section 2254 Cases.[3] In said pleading, Respondent must provide the location of the Petitioner/detainee as of the date of filing.

[1] Petitioner is housed at Diamondback Correctional Facility, in Watonga, Blaine County, Oklahoma. *See* ECF No. 1:4.

[2] The entry of this Order GRANTS IN PART the pending Motion for Order to Show Cause (ECF No. 7).

[3] "The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241." *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)); *see also* Rule 1(b).

2. If Respondents file an answer or other response, Petitioner may file a reply within seven (7) days from the filing date. *See* Rule 5(e) and LCvR7.1(h). Filing of an oversized reply brief without prior leave of Court will result in the striking of the oversized entry.

or

If Respondents file a motion, Petitioner shall file a response within fourteen (14) days after the date the motion was filed. If a party does not oppose a motion within 21 days, the Court may, in its discretion, deem the motion confessed. *See* LCvR7.1(g). If Respondents file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and rely on affidavits and/or documents not attached to or incorporated by reference in the Petition, the Court will likely convert the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), 56; *see also Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. July 7, 2003) (discussing conversion of a Motion to Dismiss in a habeas proceeding). Should this occur, Petitioner is notified of his responsibility to respond to the motion within seven (7) days of the Motion to Dismiss and present to the Court all relevant evidence or materials.

3. If Respondents file a response, they must provide copies specifically discussed within any response they submit, and must include copies specific to Petitioner's current detainment, current bond hearings, related past orders for supervision subject to the current detainment and travel documents secured for this petitioner, if any. Respondents shall not be required to produce Petitioner's entire A-File and Respondent is not required to submit duplicate documentation if already provided by Petitioner. Exhibits should be attached in chronological order as they are referenced in any response. If not already provided Petitioner's A-File number and Country of birth should be referenced in any response. If Respondents believe that the Petition is controlled by *Santillan Quiroz v. Mullin*, 180 F.4th 1226, at 1237 (10th Cir. 2026), Respondents shall still file evidence from Petitioner's A-File, if it exists, concerning the date and place Petitioner arrived in the United States, any circumstances regarding how Petitioner was thereafter released into the interior of the United States—i.e.—parole, bond, etc., and any circumstances surrounding Petitioner's (re)arrest and subsequent detention.

4. If applicable, Respondents are ordered to provide the statutory basis for the re-detention/the basis on which the Petitioner's release was revoked—i.e., 8 C.F.R. §§ 241.4 or 241.13, along with applicable and related subsections.

5. The Court directs the Clerk of Court to send the petition and this order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102

6. In addition, Respondents shall provide this Court with at least 72 hours' advance notice of any scheduled removal or transfer of Petitioner out of this Court's jurisdiction. Respondents shall also file written notice of any relevant update in Petitioner's ongoing proceedings before the Immigration Court that may impact the disposition of the Petition, including if (1) an Immigration Judge orders Petitioner removed or grants voluntary departure, (2) Petitioner's removal order becomes final, or (3) Petitioner is scheduled on a removal flight.

   Respondents shall continue to update the Court throughout the pendency of the matter.

**IT IS SO ORDERED** on October 26, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE